IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br> as Broadcast Licensee of the December 27, 2008 UFC 92: "The Ultimate 2008" Event, <br><br>     Plaintiff, <br><br> v. <br><br> 1) ON THE ROCKS BAR & GRILL, LLC., Individually and d/b/a ON THE ROCKS BAR & GRILL and d/b/a ON THE ROCKS BAR & GRILLE; and <br> 2) FRANCISCO J. ROMERO, Individually and d/b/a ON THE ROCKS BAR & GRILL and d/b/a ON THE ROCKS BAR & GRILLE, <br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § <br><br> EP-11-CV-554-KC |

## ORDER

On this day, the Court considered Plaintiff's "Motion for Final Default Judgment & Brief in Support" ("Motion"), ECF No. 11. After considering Plaintiff's Motion, the record, and the applicable law, the Court **GRANTS** in part Plaintiff's Motion.

I.  BACKGROUND

Plaintiff filed this lawsuit on December 26, 2011. *See generally* Pl. Original Compl. ("Complaint"), ECF No. 1. In its Complaint, Plaintiff states it had the rights to sub-license the closed circuit telecast of the December 27, 2009, Ultimate Fighting Championship 92, "The Ultimate 2008" Fight Program ("Event"). Compl. ¶ 6. A commercial establishment can only

1

exhibit the Event if the establishment entered into a contractual relationship with Plaintiff. Compl. ¶ 7.  On December 27, 2008, Plaintiff alleges that Defendants illegally intercepted the Event telecast and allowed its patrons to illegally view the Event.  Compl. ¶ 12.  Plaintiff further alleges that the broadcast was electronically coded, or "scrambled," so that Defendants had to decode the telecast with electronic decoding equipment in order to view it properly.  Compl. ¶ 9.

Based on these allegations, Plaintiff asserts that Defendants violated the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553 and 605, by unlawfully and willfully intercepting and publishing the telecast of the Event on December 27, 2008.  Compl. ¶ 4.  Mot. Ex. A, ¶ 9; Mot. Ex. A-2.  Plaintiff, however, has moved for default judgment only on its § 605 claims and now solely seeks statutory damages under 47 U.S.C. § 605.  Mot. ¶¶ 6, 15. Specifically, Plaintiff seeks $10,000.00 for Defendants' unauthorized publication or use of communications pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and $50,000 for Defendants' allegedly willful and commercially advantageous publication or use of communications pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).  *See* Mot. ¶¶ 6, 22.

Plaintiff also seeks an award for attorney's fees and costs pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii), in the amount of one-third of the actual and additional damages awarded to Plaintiff.  Mot. ¶¶ 23-24.  Plaintiff further requests a contingent award of attorney's fees for post-trial and appellate services.  Mot. ¶ 25.

The Court issued summonses against Defendants on January 18, 2012, that were returned on April 20, 2012.  Summons in a Civil Action, ECF No. 4; Summons in a Civil Action, ECF No. 7; Summons in a Civil Action, EFC No. 6; Summons in a Civil Action, ECF No. 8.  As of the date of this order, Defendants have not answered or filed a responsive pleading.  Plaintiff

now seeks default judgment pursuant to Federal Rule of Civil Procedure 55.  *See* Mot at 17-18;[1] Fed. R. Civ. P. 55.

## II.   DISCUSSION

### A.   Standard

The clerk of the court shall enter default if a party fails to plead or otherwise defend, and the moving party shows that failure by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move for a default judgment.  *See* Fed. R. Civ. P. 55; *see also N.Y. Life Ins. Co. v Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A court enters default judgment only if there is "a sufficient basis in the pleading for the judgment entered."  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."  *Id.*  When reviewing a motion for default judgment, a court takes the plaintiff's well-pleaded factual allegations as true, but not damages.  *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Rule 55(b) gives a court discretion to convene an evidentiary hearing on the issue of damages.  Fed R. Civ. P. 55(b)(2)(B).  Generally, a court should hold an evidentiary hearing to ascertain the amount of damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  However, a hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Freeman*, 605 F.2d at 857.

---

[1] To assist the reader in finding citations, the Court references the page numbers that the CM/ECF docketing system generates.

### B. The Federal Communications Act

The Federal Communications Act ("FCA") prohibits those not authorized by the sender from "intercept[ing] any radio communication and divulge[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). The FCA creates a private claim for anyone who is aggrieved by a violation of § 605. *Id.* § 605(e)(3)(A). To state a claim for a § 605 violation, a plaintiff must allege the defendant "intercepted or otherwise unlawfully appropriated [the plaintiff's] transmission." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005).

In a § 605 claim, Plaintiffs may elect to collect as damages either their actual damages or statutory damages ranging from $1,000 to $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). If the party elects statutory damages, the court uses its discretion to determine the specific amount of statutory damages. *Id.* The court also has discretion to increase the party's damages award by up to $100,000 per violation if the court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." *Id.* § 605(e)(3)(C)(ii). Additionally, § 605 allows aggrieved parties who prevail in a private claim under § 605 to recover their full costs, including reasonable attorneys' fees. *Id.* § 605(e)(3)(B)(iii).

### C. Plaintiff's Requested Damages

Defendants' failure to plead or otherwise defend constitutes a default. *See* Fed. R. Civ. P. 55(a). This default serves as an admission of liability, so the only remaining question is what level of damages is appropriate. *See Shipco Gen., Inc.*, 814 F.2d at 1014; *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

As a threshold issue, the Court finds that a hearing is not necessary on the issue of damages under 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii). The Court finds that the damages here are readily capable of mathematical calculation from Plaintiff's affidavits, thus making an evidentiary hearing unnecessary. *See Freeman*, 605 F.2d at 857. The amount of attorneys' fees and costs is also readily calculable from Plaintiff's attorney's affidavit, making an evidentiary hearing similarly unnecessary on that issue. *See id.*

With regard to statutory compensatory damages under § 605(e)(3)(C)(i)(II), the Court finds that the fairest method of calculating the damages is to base the calculation on the amount it would have cost Defendant to lawfully show Plaintiff's broadcast to their patrons. *Joe Hand Promotions, Inc. v Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). To calculate a damage amount, a court should treble the fee to account for "money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the fight." *Id.*

According to the affidavits submitted by Plaintiff, establishments pay an event-licensing fee based on the capacity of the establishment. Mot. Ex. A at 6. Plaintiff has submitted evidence that Defendants' establishment's occupancy is approximately 250 people. Mot. Ex. A-2, at 26. Venues that seat between 201 and 250 patrons must pay a licensing rate of $1,300.00. Mot. Ex. A-3, at 29. The Court finds that tripling the $1,300.00 broadcasting fee accurately reflects the statutory damages Plaintiff merits under § 605(e)(3)(C)(i)(II). *See Garcia*, 546 F. Supp. 2d at 386. The Court therefore awards Plaintiff $3,900.00.

With regard to Plaintiff's request for statutory punitive damages, Plaintiff's evidence establishes that it is unlikely Defendants accidentally or innocently intercepted the telecast of the

Event.  Mot. Ex. A, ¶ 10.  It is highly unlikely that Defendant accidently intercepted the transmission of the Event, because the transmission was electronically coded.  *Id.*  After all, "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."  *Garcia*, 546 F. Supp. 2d at 385 (quoting *Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999)).  Thus, the Court concludes that Defendants intended to intercept and display the transmission.

Moreover, Plaintiff's evidence also supports Plaintiff's allegations that Defendants' actions were for the purposes of direct or indirect commercial advantage.  Plaintiff's evidence indicates that Defendants' establishment sold food and beverages during the Event.  Mot. Ex. A, ¶ 11.  Defendants also showed the broadcast on six televisions, suggesting that Defendants used the Event to entertain their customers.  Mot. Ex. A-2, at 25.  Finally, Defendants have admitted Plaintiff's allegations of willful interception by their default.  *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.  Accordingly, the Court finds that Defendants intercepted and displayed the broadcast of the Event "willfully and for purposes of direct or indirect commercial advantage or private financial gain."  *See* 47 U.S.C. § 605(e)(3)(C)(ii).

However, the Court does not agree with the amount of Plaintiff's requested damages of $50,000.00.  Mot. ¶ 22.  In selecting the appropriate amount of enhanced damages applicable for willfulness, the Court is mindful that the purpose of these damages is to discourage would be pirates, including Defendants, from engaging in piracy in the future.  *See Garcia*, 546 F. Supp. 2d at 386.  However, the Court also recognizes that the purpose of these damages is not to drive Defendants out of business.  *See id.*  The Court therefore finds that $10,000.00 suffices in deterring Defendant from violating the FCA again, while taking into account Defendants' willful

and commercially advantageous actions. *See id.* (concluding that a $10,000.00 award is "appropriate to send a strong signal that such unauthorized activity will not be profitable").

Plaintiff has also requested attorney's fees amounting to one-third of the actual and additional damages. Mot. ¶ 24. Under § 605(e)(3)(B)(iii), a court "shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). As such, Plaintiff's attorney's fees are mandatory. *See* § 605(e)(3)(B)(iii); *J & J Sports Prod., Inc. v. Cotorra Cocina Mexicana & Bar LLC*, No. 3:10-CV-597-CWR-LRA, 2012 WL 1098446, at *4 (S.D. Miss Mar. 30, 2012); *Garcia*, 546 F. Supp. 2d at 386.

The Court finds that Plaintiff's requested one-third of the actual and additional damages is excessive. *See Garcia*, 546 F. Supp 2d at 386 (expressing that attorneys' fees must be reasonable to be granted). Under this calculation, the attorney's fees would amount to $4,633.33, which is one-third of the $13,900.00 combined statutory and enhanced damages award. Instead, the Court calculates the award using the attorney's hourly rate of $250.00. *See* Mot. Ex. B, ¶ 8. Plaintiff's evidence shows that its attorney spent four hours working on this matter, thus the Court awards $1,000.00 in attorney's fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii).

Finally, Plaintiff also seeks a contingent award of attorney's fees for post-trial and appellate services. Mot. ¶ 25. The Court finds that this request is premature. Plaintiff is free to request a contingent award for post-trial and appellate services when and if any such fees actually incur. *See Kingvision Pay-Per-View, Ltd. v. Guerrero*, No. 3:08-CV-1970-G (BF), 2009 WL 1973285, at *5 (N.D. Tex. July 7, 2009) (holding that a plaintiff may apply for a contingent award for post-trial services if and when such fees are incurred); *Nat'l Satellite Sports, Inc. v.*

*Garcia*, No. Civ. A 301-CV-1799D, 2003 WL 21448375, at *3 (N.D. Tex. June 18, 2003) (noting that federal courts have jurisdiction to award contingent fees "on a subsequent application that is based on the actual fees incurred). Accordingly, the Court denies Plaintiff's request for a contingent award of attorney's fees for post-trial and appellate services.

### III. CONCLUSION

For the reasons stated above, the Court enters the following orders:

1. The Court **GRANTS** Plaintiff's Motion in part.

2. The clerk **SHALL** enter a default in favor of Plaintiff.

3. The Court **ENTERS** Default judgment against 1) On The Rocks Bar & Grill, LLC., individually and d/b/a On the Rocks Bar & Grill and d/b/a On the Rocks Bar & Grille; and 2) Francisco J. Romero, individually and d/b/a On The Rocks Bar & Grill and d/b/a On the Rocks Bar & Grille. Defendants shall pay Joe Hand Promotions Inc.:

    a. **$3,900.00** in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

    b. **$10,000** in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

    c. **$1,000** in reasonable attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

4. In total, the court **GRANTS** default judgment in favor of Joe Hand Promotions, Inc. and against On The Rocks Bar & Grill, LLC., individually and d/b/a On the

Rocks Bar & Grill and d/b/a On the Rocks Bar & Grille; and Francisco J. Romero, individually and d/b/a On The Rocks Bar & Grill and d/b/a On the Rocks Bar & Grille, jointly and severally, in the amount of **$14,900.00**.

5. On The Rocks Bar & Grill, LLC., individually and d/b/a On the Rocks Bar & Grill and d/b/a On the Rocks Bar & Grille; and 2) Francisco J. Romero, individually and d/b/a On The Rocks Bar & Grill and d/b/a On the Rocks Bar & Grille, jointly and severally, **SHALL** pay post-judgment interest at the rate of 0.17% until paid in full, to be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b).

6. The clerk **SHALL** close the case.

**SO ORDERED.**

**SIGNED** on this 30th day of July, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE